ART GOEBEL, INC., Plaintiff,

v.

NORTHERN SUBURBAN AGENCIES,
INC., Defendant,

Cleary Agency, Inc., Respondent,

West Bend Mutual Insurance Company,
a Wisconsin corporation, Appellant.

No. C6–96–695.

Court of Appeals of Minnesota.

Nov. 19, 1996.

Review Granted Jan. 29, 1997.

Clarance E. Hagglund, William C. Weeding, Hagglund & Weimer, Minneapolis, for Respondent.

Dale M. Wagner, Charles E. Jones, Moss & Barnett, Minneapolis, for Appellant.

Considered and decided by PETERSON, P.J., and KLAPHAKE and DAVIES, JJ.

## OPINION

DAVIES, Judge.

A summary judgment required an insurance company to reimburse its agent for costs the agent incurred defending against a baseless suit brought by a policyholder. The insurance company appeals, claiming that the agent has no common-law right to indemnification, and also that, in this circumstance, the company's contract with the agent excludes any duty to indemnify the agent. We affirm.

## FACTS

A customer sued an automobile dealership, Art Goebel, Inc. (Goebel), for failing to deliver a van. The van was not delivered because it was damaged en route to the customer. Goebel tendered its defense to appellant West Bend Mutual Insurance Company (West Bend). West Bend refused the defense, in part because Goebel's policy did not provide "drive away" coverage (collision coverage for vehicles driven more than 50 miles from the dealership). Goebel, having settled with the customer, sued its insurance broker, North Suburban Agencies, Inc., and respondent Cleary Agency, Inc. (Cleary). (Cleary, at the request of North Suburban, had placed insurance coverage for Goebel with West Bend.)

There followed a spate of cross-claims and dismissals that are not now relevant. Eventually, the only claim remaining was one by Cleary against West Bend for indemnification of Cleary's defense costs. The district court granted summary judgment for Cleary, ruling that, in its dealings with Goebel, Cleary acted as a common-law agent within the scope of its authority from its principal, West Bend (and not as a broker, the usual role of an independent agent). The district court therefore held that Goebel is entitled to indemnification for costs and attorney fees. West Bend appeals.

## ISSUES

I. Is Cleary entitled to common-law indemnity for its defense costs?

II. Does the indemnification clause in the Cleary–West Bend contract bar indemnity in this circumstance?

III. Does Cleary's right to indemnity include attorney fees?

## ANALYSIS

On appeals from summary judgments, this court must consider two questions:

(1) whether there are any genuine issues of material fact and

(2) whether the lower courts erred in their application of the law.

*State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990).

### I. Common Law

It is essential to distinguish between the roles of insurance broker and agent before applying the common-law agency rule that an insurance company is liable for the torts of its agents. An independent insurance agent usually procures insurance for others and, thus, commonly acts as an insurance broker, not as a common-law agent of the insurer. *See Gude v. Exchange Fire Ins.,* 53 Minn. 220, 226, 54 N.W. 1117, 1117 (1893) (plaintiff failed to meet burden of proof on issue of whether insurance broker was agent of insurer); *see also Travelers Indem. Co. v. National Indem. Co.,* 292 F.2d 214, 220 (8th Cir.1961) (broker solicits insurance for the public and, barring special circumstances, is not an agent of the company). The law generally treats one acting as a broker as an agent of the *insured.* *Travel-*

*ers,* 292 F.2d at 220.[1] As an agent of the insured, a broker is liable to the insured independent of the insurer's liability. *See Frank v. Winter,* 528 N.W.2d 910, 915 (Minn. App.1995) (insurance broker independently liable for his acts and omissions), *review denied* (Minn. Apr. 27, 1995).

■ An independent insurance agent may, however, in special circumstances, act as a common-law agent of an insurance company. *Travelers,* 292 F.2d at 220 (broker could be agent of insurer under "special conditions or circumstances"). An agent is then entitled to reimbursement and indemnity from the company for expenses, losses, and liabilities incurred on behalf of the principal. *Hollandale Mktg. Ass'n v. Goemat,* 245 Minn. 154, 161, 72 N.W.2d 376, 380 (1955). Here, counsel for West Bend conceded that Cleary, in placing insurance coverage for Goebel, acted as West Bend's agent (making no claim before this court or the district court that Cleary acted as Goebel's broker).[2] The district court concluded that the existence of the conceded agent-principal relationship was (because Cleary's conduct was authorized) dispositive of the issue of West Bend's duty to indemnify Cleary. We agree.

■ According to the Restatement (Second) of Agency § 439(d) (1958), a common-law agent is owed a duty of indemnification by his principal for "expenses of defending actions by third persons brought because of the agent's authorized conduct." The comment to clause (d) states:

> An agent who has done an authorized act which brings him into contact with others * * * is ordinarily entitled to indemnity for the expenses of a successful defense to actions brought by third persons acting under the mistaken belief that the agent's conduct was a breach of contract, a tort, or otherwise created liability to them.

Restatement (Second) of Agency § 439(d) cmt. h. Minnesota follows this common-law rule. *See Hollandale,* 245 Minn. at 161, 72

N.W.2d at 380 (citing Restatement § 439). An insurance company is liable for the torts of its agent committed within the scope of employment. *Eddy v. Republic Nat'l Life Ins. Co.,* 290 N.W.2d 174, 176 (Minn.1980).

■ West Bend argues that the district court erred in its application of the law by focusing on Cleary's *actual* conduct—undisputedly non-negligent and within the scope of its authority from West Bend—rather than on Goebel's *allegations* regarding Cleary's conduct. Goebel's allegations relate to conduct that—had it occurred—would have put Cleary outside the scope of its authority as West Bend's agent, making Restatement § 439 inapplicable. We disagree with this analysis, for none of the parties offered evidence that Cleary, in its dealings with North Suburban, acted outside the scope of its authority from West Bend. *See Kilborn v. Prudential Ins.,* 99 Minn. 176, 180, 108 N.W. 861, 863 (1906) (agents presumed to act within scope of authority).

## II. Contract

■ We next turn to West Bend's claim that its contract with Cleary limited its obligation to indemnify. Absent ambiguity, the construction of a contract, including the meaning of an indemnification clause, is a question of law and is reviewed as such on appeal. *Turner v. Alpha Phi Sorority House,* 276 N.W.2d 63, 66 (Minn.1979). West Bend points to a clause in its agency contract with Cleary that reads:

> The Company will defend and indemnify the Agent against liability * * * for damages sustained by policyholders and ***caused by acts or omissions of the Company,*** provided the agent has not caused or contributed to such liability by his own acts or omissions.

(Emphasis added.) West Bend argues that it has no obligation to indemnify Cleary because Goebel was not damaged by an act or omission of West Bend. We decline to so construe the contract. The quoted provision

---

1. This proposition was recently applied in this court's unpublished decision, *Sheely v. Mower County Farmers Mut. Ins.,* No. C0–96–434, 1996 WL 509759 (Minn.App. Sept. 4, 1996), *review denied* (Minn. Oct. 24, 1996).

2. This concession made it unnecessary to evaluate the seven factors distinguishing a broker from an agent suggested by *Morrison v. Swenson,* 274 Minn. 127, 136, 142 N.W.2d 640, 646 (1966).

does not state that it identifies the only circumstances under which West Bend must indemnify Cleary, and we will not imply into this provision an abrogation of Cleary's right to common-law indemnification.

### III. Attorney Fees

[T]he right to indemnity, whether based on common-law principles or an expressed contractual provision, has been consistently held to include reasonable attorney's fees.

*Koehnle v. M.W. Ettinger, Inc.,* 353 N.W.2d 612, 616 (Minn.App.1984) (citations omitted). Because we agree with the district court that Cleary was entitled to indemnification from West Bend, we conclude that the district court appropriately awarded Cleary attorney fees and costs.

### DECISION

The district court properly granted summary judgment on this claim for indemnification.

**Affirmed.**