**ART GOEBEL, INC., Plaintiff,**

v.

**NORTH SUBURBAN AGENCIES, INC., Defendant,**

**Cleary Agency, Inc., Respondent,**

**West Bend Mutual Insurance Company, a Wisconsin corporation, Appellant.**

No. C6–96–695.

Supreme Court of Minnesota.

Aug. 14, 1997.

Dale M. Wagner, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for Appellant.

Clarance E. Hagglund, William C. Weeding, Hagglund & Weimer, Minneapolis, for Respondent.

## OPINION

ANDERSON, Justice.

Respondent Cleary Agency, Inc. (Cleary) is an independent insurance agency that was acting under a contract as an agent for appellant West Bend Insurance Company (West Bend). Cleary asserts that West Bend must indemnify it for costs and attorney fees it incurred in defending a meritless lawsuit brought by West Bend's policyholder, Art Goebel, Inc. (Goebel). Goebel brought an action against Cleary alleging that Cleary negligently failed to procure the proper in-

surance coverage for Goebel with West Bend. The district court granted summary judgment for Cleary on Goebel's complaint. Cleary brought a crossclaim seeking indemnity from West Bend. The district court granted summary judgment, holding that Cleary was West Bend's agent and thus West Bend was obligated to indemnify Cleary for Cleary's costs of defending Goebel's claim. The Minnesota Court of Appeals agreed with the district court that West Bend had an obligation to indemnify Cleary. We reverse.

Goebel, a Minnesota automobile dealership, purchased an insurance policy with West Bend by contacting Goebel's insurance broker, North Suburban Agencies, Inc. (North Suburban). Goebel and North Suburban worked together to determine the appropriate insurance coverage. Goebel communicated exclusively with North Suburban regarding its insurance needs. On or about January 1, 1990, North Suburban asked Cleary, West Bend's agent, to procure certain insurance coverage for Goebel with West Bend. Cleary had no direct contact with Goebel regarding Goebel's insurance needs; rather, Cleary followed all of North Suburban's express requests regarding coverage. Cleary was not asked to recommend coverage and did not agree to monitor Goebel's insurance needs. After Cleary procured Goebel's coverage, West Bend issued an insurance policy to Goebel and accepted premium payments for the policy.

At the time Cleary procured the insurance coverage for Goebel with West Bend, there was an agency agreement in effect between West Bend and Cleary. The agency agreement provided that Cleary was authorized to solicit, receive, bind, and execute insurance contracts for West Bend. It also contained an indemnity clause which provided that West Bend would indemnify Cleary against liability imposed upon Cleary for damages caused by the acts or omissions of West Bend and not caused by the acts or omissions of Cleary.

After Cleary procured Goebel's insurance coverage, an incident occurred that eventually gave rise to this lawsuit. A customer purchased a van from Goebel. In November 1990, the van was damaged as a result of an accident in New Mexico, while en route to the customer in California. The customer sued Goebel for failing to deliver the van. Goebel's insurer, West Bend, refused to defend the claim. West Bend asserted that Goebel's insurance policy did not cover the loss because the policy did not provide for "drive away" coverage (collision coverage for vehicles driven more than 50 miles from the automotive dealership) and because the van accident occurred more than 50 miles from Goebel's business. Goebel eventually settled the lawsuit with its customer.

Goebel brought this action in August 1993, seeking reimbursement for the amount that Goebel paid to its customer as a result of the van accident, as well as its costs of defense. Goebel brought the action because the insurance policy Cleary procured from West Bend did not cover the van accident. Goebel initially sued North Suburban and Cleary, but later amended its complaint to include a claim against West Bend. Goebel brought what was, in effect, a claim that Cleary and North Suburban negligently procured insurance coverage that differed from the insurance coverage Goebel had requested. Goebel alleged that North Suburban, through Cleary, was supposed to obtain a "replacement" policy from West Bend. Goebel asserted that its prior insurance policies provided drive away coverage, that Cleary and North Suburban failed to procure a policy with West Bend providing drive away coverage, and thus North Suburban failed to obtain a replacement policy that provided the same coverage as Goebel's prior policy. Goebel further alleged that Cleary and North Suburban failed to notify Goebel of this difference between the policy Goebel requested and the policy Cleary and North Suburban procured. Goebel's claim against West Bend alleged that Cleary was acting as West Bend's agent in procuring the coverage and thus West Bend was vicariously liable for Cleary's actions. Cleary and West Bend brought crossclaims against each other seeking indemnity.

Cleary, West Bend, and North Suburban eventually brought motions for summary judgment against Goebel on the amended complaint. Cleary, West Bend, and North

Suburban submitted evidence showing that Goebel's prior insurance policies did not provide for drive away coverage and that the policy Cleary procured with West Bend did not differ from Goebel's prior policies in that regard. At the hearing on the summary judgment motions, Goebel admitted that there was no evidence to support its claims. The district court granted the summary judgment motions on August 18, 1994, concluding that there was no evidence to support Goebel's claim that Cleary, West Bend, and North Suburban failed to procure the same insurance coverage with respect to drive away coverage as Goebel had under its prior insurance policies.

In the same order granting summary judgment in favor of Cleary, West Bend, and North Suburban, the district court also granted Goebel's motion to amend its complaint a second time to add a new claim against North Suburban. In this claim, Goebel alleged that North Suburban negligently failed to advise Goebel about the need for drive away coverage. Goebel alleged that North Suburban knew Goebel sold vehicles outside of the 50–mile limit and thus North Suburban should have recommended drive away coverage. Goebel ultimately settled its claim against North Suburban. The only remaining claims in this action are West Bend's and Cleary's crossclaims against each other.

Cleary and West Bend each filed motions for summary judgment. Cleary contended that it was entitled to summary judgment because West Bend had a common-law duty to indemnify it for the costs and attorney fees it incurred in defending against Goebel's claim. West Bend denied that it had a duty to indemnify Cleary and contended that West Bend was entitled to summary judgment because its agency agreement with Cleary precluded Cleary's indemnity claim. West Bend

also argued that Cleary did not have standing to bring its indemnification claim because Cleary's errors and omissions insurer had paid all of Cleary's costs and attorney fees.

The district court granted Cleary's motion and denied West Bend's motion. The court held that Cleary was West Bend's agent and that West Bend had a common-law duty to indemnify Cleary under the Restatement (Second) of Agency § 439(d) (1958).[1] The court held that the agency agreement did not preclude Cleary's indemnity claim. The court construed the agency agreement to provide that Cleary was entitled to indemnification unless Cleary caused or contributed to liability by procuring insurance coverage in error. The court then found that Cleary did not cause or contribute to liability, and thus the indemnity clause did not apply and "West Bend's contractual argument is moot." The court awarded Cleary $24,381.67 in costs and attorney fees incurred in the defense of litigation.

West Bend appealed the district court's grant of summary judgment in favor of Cleary. The court of appeals affirmed, holding that because Cleary acted as West Bend's agent in placing Goebel's insurance coverage with West Bend, West Bend had a common-law duty to indemnify Cleary under section 439(d) of the Restatement (Second) of Agency. *Art Goebel, Inc. v. Northern Suburban Agencies, Inc.*, 555 N.W.2d 549, 551 (Minn.App.1996). The court also held that the indemnity clause in the agency agreement did not preclude Cleary's indemnity claim, concluding "we will not imply into [the indemnity clause] an abrogation of Cleary's right to common-law indemnification." *Id.* at 551–52.

On appeal to this court, West Bend raises the following grounds for reversal: (1) that the agency agreement between West Bend and Cleary precludes Cleary's indemnity

---

1. Section 439(d) provides:
§ 439. When duty of Indemnity Exists
Unless otherwise agreed, a principal is subject to a duty to exonerate an agent who is not barred by the illegality of his conduct to indemnify him for:
＊　＊　＊　＊　＊　＊
(d) expenses of defending actions by third persons brought because of the agent's au-

thorized conduct, such actions being unfounded but not brought in bad faith ＊ ＊ ＊.

claim; (2) that common-law indemnity principles do not require West Bend to indemnify Cleary under section 439(d) of the Restatement (Second) of Agency; and (3) that Cleary does not have standing to recover costs and attorney fees because Cleary's errors and omissions insurer paid all of Cleary's costs and attorney fees.

On appeal from a grant of summary judgment, this court reviews the record to determine whether there are any genuine issues of material fact and whether the lower courts erred in their application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990) (citing *Offerdahl v. University of Minn. Hosp. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988)). A *de novo* standard of review is used to determine whether the district court erred in its application of the law. *Homart Dev. Co. v. County of Hennepin*, 538 N.W.2d 907, 910 (Minn.1995) (citing *Morton Bldgs., Inc. v. Commissioner of Revenue*, 488 N.W.2d 254, 257 (Minn.1992)).

West Bend contends that the district court erred in granting summary judgment for Cleary on Cleary's indemnity claim because an indemnity clause in West Bend's agency agreement with Cleary precludes Cleary's indemnity claim. Specifically, the agency agreement contains the following clause, entitled "Indemnification":

> [West Bend] will defend and indemnify [Cleary] against liability, including the cost of defense and settlements, imposed on him by law * * * for damages sustained by policyholders and caused by acts or omissions of [West Bend], provided [Cleary] has not caused or contributed to such liability by his own acts or omissions.

We must determine whether this indemnity clause precludes Cleary's indemnity claim in the instant case.

■ The cardinal purpose of construing a contract is to give effect to the intention of the parties as expressed in the language they used in drafting the whole contract. *Employers Liab. Assurance Corp. v. Morse*, 261 Minn. 259, 264, 111 N.W.2d 620, 624 (1961). The meaning of an indemnity clause, like the construction of any other written contract, is a question of law for this court to decide, unless there is ambiguity. *Turner v. Alpha*

*Phi Sorority House*, 276 N.W.2d 63, 66 (Minn.1979). A contract is ambiguous if, based upon its language alone, it is reasonably susceptible of more than one interpretation. *Lamb Plumbing & Heating Co. v. Kraus–Anderson of Minneapolis, Inc.*, 296 N.W.2d 859, 862 (Minn.1980); *Metro Office Parks Co. v. Control Data Corp.*, 295 Minn. 348, 351, 205 N.W.2d 121, 123 (1973). The determination of whether a contract is ambiguous is a question of law for this court to decide. *Republic Nat'l Life Ins. Co. v. Lorraine Realty Corp.*, 279 N.W.2d 349, 354 (Minn.1979). The determination depends, not upon words or phrases read in isolation, but rather upon the meaning assigned to the words or phrases in accordance with the apparent purpose of the contract as a whole. *Metro Office Parks*, 295 Minn. at 352, 205 N.W.2d at 124.

■ The indemnity clause in West Bend's agency agreement with Cleary unambiguously provides that West Bend will indemnify Cleary if all three of the following conditions are satisfied: (1) a policyholder sustained damages; (2) the damages were caused by acts or omissions of West Bend; and (3) Cleary did not cause or contribute to the damages by its own acts or omissions. The first and third requirements were satisfied in the instant case. The evidence presented demonstrates that Goebel, a policyholder, sustained damages, and that Cleary did not cause or contribute to those damages by its acts or omissions. But the second requirement was not satisfied. No evidence has been presented showing that Goebel sustained damages because of any acts or omissions of West Bend. Thus, based upon the plain and ordinary language of the indemnity clause, it is clear that Cleary had no right to indemnity from West Bend under the agency agreement.

■ But the conclusion that Cleary had no right to indemnity under the agency agreement does not end our inquiry. We must decide whether, by including the indemnity clause in the agency agreement, West Bend and Cleary intended the clause provide Cleary's exclusive right to indemnity and thus intended to preclude the rights

Cleary otherwise might have had under the common law. West Bend argues that, by including an indemnity clause in its agency agreement that provides indemnity for damages sustained by the acts or omissions of West Bend, West Bend and Cleary intended to preclude indemnity claims for damages not caused by West Bend. Cleary contends that because the indemnity clause does not state that it is Cleary's exclusive remedy, and because it does not explicitly state that common-law rights are precluded, the clause exists with Cleary's common-law right to indemnity under section 439(d) of the Restatement (Second) of Agency.

The agency agreement entered into between West Bend and Cleary which authorized Cleary to act as West Bend's "agent" and "independent contractor" contains ten sections governing the agency relationship. The agreement authorized Cleary to solicit, receive, bind, and execute insurance contracts for West Bend. The agreement governed the amount and timing of Cleary's compensation, the billing of policyholders, West Bend's access to Cleary's books and records, the circumstances under which West Bend is authorized to take possession, and the procedures for termination of the agency agreement. The clause entitled "Indemnification" was included in the agency agreement and was the only clause of the agreement that governs West Bend's obligation to indemnify Cleary.

The indemnity clause in the agency agreement is clear and unambiguous on its face as well as when read in light of the other provisions of the agreement. By entering into an agency agreement containing a clear and unambiguous indemnity clause, West Bend and Cleary expressed their intent to have the clause provide Cleary's exclusive right to indemnity. By specifically enumerating the scenario under which West Bend's acts or omissions caused damages to a policyholder as the only scenario under which West Bend would indemnify Cleary, West Bend and Cleary impliedly excluded all other scenarios, including the scenario under which neither West Bend nor Cleary caused damages to a policyholder. *See Egner v. States Realty Co.,* 223 Minn. 305, 318, 26 N.W.2d 464, 472–73 (1947). Thus, if Cleary would have had any other indemnification rights under the common law absent the agency agreement, the agency agreement demonstrates that the parties intended to preclude those common-law rights. When the parties' intention is totally ascertainable from the written contract, there is no room to construe the contract differently and this court will not remake the contract. *Anderson v. Twin City Rapid Transit Co.,* 250 Minn. 167, 176, 84 N.W.2d 593, 599 (1957).

We conclude that, based upon the clear and unambiguous language of the agency agreement, West Bend and Cleary agreed to preclude the common-law indemnity right that Cleary is asserting in this case. Because the agency agreement precludes Cleary's indemnity claim, Cleary was not entitled to summary judgment on its crossclaim and was not entitled to recover the costs and attorney fees awarded to it by the district court.

Because we have concluded that the agency agreement precludes Cleary's right to indemnity in this case, we need not reach the issues regarding the merits of Cleary's indemnity claim under section 439(d) of the Restatement (Second) of Agency or Cleary's standing to bring this lawsuit.

Reversed.