# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2832

_____

| | | |
|---|---|---|
| Boat Dealers' Alliance, Inc., a Florida Corporation, | * * * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Outboard Marine Corporation, a Delaware Corporation, | * * | |
| | * | |
| Appellee. | * | |

_____

Submitted: May 12, 1999
Filed: June 23, 1999

_____

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and BOWMAN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Boat Dealers' Alliance, Inc. (BDA) sued Outboard Marine Corporation (OMC), seeking compensatory damages and injunctive relief for breach of contract, deceptive trade practices in violation of Minn. Stat. § 325F.69, and injury to business reputation in violation of Minn. Stat. § 325D.165. The District Court[1] granted OMC's motion for summary judgment on all claims. BDA appeals. We affirm.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

This Court reviews a grant of summary judgment de novo, applying the same standard as the district court. See Hindman v. Transkrit Corp., 145 F.3d 986, 990 (8th Cir. 1998).

OMC manufactures outboard marine engines, and BDA is a buying and merchandising cooperative of independent retail marine dealers. On September 26, 1997, OMC and BDA entered into a contract which provided that BDA's members would purchase a quantity of engines from OMC in exchange for favorable prices and other benefits. On December 3, 1997, OMC notified BDA that it was terminating the contract effective March 2, 1998. Paragraph 2 of the contract provides:

A.   This Agreement shall be in full force and effect for an initial period of not less than five (5) years from the "anniversary date" of:
July 1, 1997[2]

B.   Either party may terminate without cause if, not less than ninety (90) days prior to the anniversary date, written notice is provided as set forth in Section 23 of this Agreement. After the initial five-year period, this Agreement shall continue in effect from year-to-year. After the initial five year period, either party may terminate this agreement for valid cause, on ninety (90) days notice.

The dispute between BDA and OMC concerns whether paragraph 2 unambiguously allowed OMC to terminate the contract without cause at the time it did so. As provided in the contract, its interpretation is governed by Minnesota law. The determination of whether a contract is ambiguous is a question of law and "depends, not upon words or phrases read in isolation, but rather upon the meaning assigned to the words or phrases in accordance with the apparent purpose of the contract as a whole." Art Goebel, Inc. v. North Suburban Agencies, Inc., 567 N.W.2d 511, 515 (Minn. 1997). We give the language of the contract its plain and ordinary meaning and

---

[2]July 1 is the beginning of the new model year for marine equipment.

interpret the contract so as to give meaning to all of its provisions.  See Brookfield Trade Ctr., Inc. v. County of Ramsey, 584 N.W.2d 390, 394 (Minn. 1998).  In construing a contract, our purpose is to "give effect to the intention of the parties as expressed in the language they used in drafting the whole contract."  Goebel, 567 N.W.2d at 515.  Divergent interpretations do not necessarily create ambiguity, especially when an interpretation contradicts the language of the contract.  See Banbury v. Omnitrition Int'l, Inc., 533 N.W.2d 876, 880 (Minn. Ct. App. 1995).  A contract is ambiguous if, based on its language alone, it is reasonably susceptible of more than one interpretation.  See Brookfield, 584 N.W.2d at 394.

OMC interprets the term "anniversary date" as used in paragraph 2B to mean an annual event that recurs on each succeeding anniversary of July 1, 1997.  According to this interpretation, either party is free to terminate the agreement without cause if written notice is provided at least 90 days prior to each July 1 within the initial five-year period of the contract.  BDA, however, contends that the contract defines "anniversary date" as July 1, 2002 (five years from the date of July 1, 1997) and that "anniversary" is not limited to an annual recurrence.  BDA argues that OMC could not terminate without cause prior to July 1, 2002 because paragraph 2A states that the agreement "shall be in full force and effect for an initial period of not less than five (5) years."[3]  The District Court concluded that to define "anniversary" as "five years from the date of July 1, 1997" was to reject the plain and ordinary meaning of the word in favor of a contortion.  We agree.

BDA also argues that the only way to reconcile all the provisions of the agreement is to construe the contract as a five-year contract that cannot be terminated absent cause.  According to BDA, it would be inconsistent to interpret a contract with a five-year duration as allowing termination without cause before its expiration date and

---

[3]On appeal, BDA argues that even though OMC gave notice at least 90 days prior to July 1, 2002 such termination could not be effective until July 1, 2002.

would render the contract illusory. Such an interpretation, however, is the only reasonable interpretation in light of the contract's language and the contract as a whole. Moreover, because both parties had the right to terminate the contract without cause during the first five years, but could only do so by giving the required notice, the contract is not illusory. See Laclede Gas Co. v. Amoco Oil Co., 522 F.2d 33, 36-37 (8th Cir. 1975).

Despite BDA's attempts to inject ambiguity into the contract, BDA's suggested interpretations of the contract and its definition of "anniversary" are strained and contrary to the contract's plain language. We therefore conclude that the agreement is not reasonably susceptible of more than one interpretation. When looking at the agreement as a whole and giving effect to all of its provisions, we agree with OMC's interpretation and find that OMC properly terminated the agreement.

Although we have not resorted to any extrinsic evidence as to the parties' intent in order to resolve the dispute before us, we deny OMC's motion to strike BDA's sealed exhibits and all references thereto. We grant OMC's motion for leave to file its reply memorandum regarding its motion to strike and we deny BDA's motion to strike OMC's reply memorandum.

We turn to BDA's statutory claims. As the District Court stated in its well reasoned opinion, BDA cannot meet the statutory requirements necessary for it to prevail on its deceptive-trade-practices and injury-to-business-reputation claims.[4] BDA's statutory claims therefore must fail as a matter of law, and the dismissal of these claims is affirmed on the basis of the District Court's opinion. See 8th Cir. R. 47B.

The judgment of the District Court is affirmed.

---

[4]Section 325D.165 has been repealed and replaced by a statute that is limited to the protection of famous marks from dilution. See Minn. Stat. § 333.285 (1998).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.