George MURPHY, trustee for the heirs and next-of-kin of Mary Murphy, deceased, Respondent,

v.

ALLINA HEALTH SYSTEM, d/b/a United Hospital, et al., Defendants (C1–03–124), Appellants (C0–03–213),

Parkway Family Physicians LLC, et al., Appellants (C1–03–124), Defendants (C0–03–213).

Nos. C1–03–124, C0–03–213.

Court of Appeals of Minnesota.

Aug. 26, 2003.

Roger J. Aronson, Clifford J. Knippel, Rischmiller, Knippel & Aronson, Minneapolis, MN, for respondent Murphy.

Kathryn D. Messerich, Bradley J. Betlach, Halleland, Lewis, Nilan, Sipkins & Johnson, P.A., Minneapolis, MN, for appellants Allina Health System, et al.

Richard J. Thomas, Chad J. Hintz, Burke & Thomas, P.L.L.P., St. Paul, MN, for appellants Parkway Family Physicians, et al.

Considered and decided by LANSING, Presiding Judge, WRIGHT, Judge, PARKER, Judge.*

## OPINION

WRIGHT, Judge.

In this wrongful-death action premised on medical malpractice, the district court denied appellants' motions for summary judgment, concluding that the action was not barred by the applicable statute of limitations. In an amended order, the district court certified as important and doubtful the following question: "What is the proper length of time that applies to wrongful death actions premised on allegations of medical malpractice brought after August 1, 1999?" In these consolidated appeals, we rephrase and answer the certified question, and we affirm.

## FACTS

For the limited purposes of this appeal, the following facts are undisputed. Mary Murphy went to United Hospital on March 11, 1998, complaining of chest pains. She was treated by Dr. Francisco DeLaRosa, who performed tests and reviewed Murphy's medical history. Dr. De-LaRosa discharged Murphy the same day with instructions to see her regular family physician the next day. Murphy visited her family physician, Dr. David Ness, at Parkway Family Physicians, LLC, the following day and again on March 20. Murphy died in her home on April 23, 1998, and the autopsy revealed that she suffered from atherosclerotic heart disease.

On February 14, 2002, respondent George Murphy, the surviving spouse of Mary Murphy, commenced this lawsuit as trustee under Minn.Stat. § 573.02, subd. 1 (2000), the wrongful-death statute, alleging negligence against appellants Allina Health System (doing business as United Hospital), Dr. DeLaRosa, Parkway Family Physicians, LLC, and Dr. Ness.

Appellants moved for summary judgment, arguing that respondent's action was time-barred by the newly amended wrongful-death statute, Minn.Stat. § 573.02 (2002), which establishes a three-year statute of limitations retroactive to August 1, 1999. Respondent countered that his suit was timely because the four-year limitations provision of the medical-negligence statute, Minn.Stat. § 541.076 (Supp.1999), applied, as it was incorporated by reference into Minn.Stat. § 573.02 (2000) at the time respondent brought his action. Respondent asserted that, although the 2002 amendments to Minn.Stat. § 573.02 were "effective retroactive to August 1, 1999," the legislature did not intend to divest plaintiffs of their medical-malpractice claims because the statute was silent as to the effect on pending cases. Respondent

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

further asserted that, to the extent the 2002 amendments to the wrongful-death statute deprive him of an existing cause of action, the statute is unconstitutional.

In October 2002, the district court denied appellants' summary judgment motions, concluding that the 2002 amendments to the wrongful-death statute did not apply to respondent's cause of action, but only applied to causes of action that accrued on or after August 1, 1999. The district court determined that the two-year limitations provision of Minn.Stat. § 541.07 (1998) in effect at the time of Mary Murphy's death applied, but because it was retroactively amended in 1999—before respondent brought his suit—its four-year limitations provision extended the time in which respondent could bring his suit. The district court declined to reach the question of constitutionality in light of its conclusion.

In an amended order, the district court certified the following question as important and doubtful: "What is the proper length of time that applies to wrongful death actions premised on allegations of medical malpractice brought after August 1, 1999?" Pursuant to Minn. R. Civ.App. P. 103.03(i), appellants appeal from the district court's November 2002 amended order denying their motions for summary judgment.

### ISSUE

What is the applicable limitations period for wrongful-death claims premised on medical malpractice brought after August 1, 1999, but before August 1, 2002?

### ANALYSIS

■ Rule 103.03(i) provides that an appeal may be taken to the court of appeals "if the [district] court certifies that the question presented is important and doubtful, from an order which * * * denies a motion for summary judgment[.]" Minn. R. Civ.App. P. 103.03(i). Because this appeal arises from a denial of summary judgment, we review the record to determine whether a genuine issue of material fact exists and whether the law was correctly applied. *Art Goebel, Inc. v. N. Suburban Agencies, Inc.,* 567 N.W.2d 511, 515 (Minn. 1997).

■ For the limited purposes of this appeal, the parties agree and we conclude that there are no genuine issues of material fact. We review de novo the district court's application of the law. *Id.* Moreover, the certified question raises an issue of statutory interpretation to determine the applicable statute of limitations, which we review de novo. *Benigni v. County of St. Louis,* 585 N.W.2d 51, 54 (Minn.1998). "When interpreting a statute, we first look to see whether the statute's language, on its face, is clear or ambiguous. A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000) (citation and quotation omitted). If the legislative intent "is clearly discernible from plain and unambiguous language, statutory construction is neither necessary nor permitted and courts apply the statute's plain meaning." *Am. Tower, L.P. v. City of Grant,* 636 N.W.2d 309, 312 (Minn.2001) (citation omitted).

■ We begin with an examination of the legislative amendments and enactments affecting the statutes we must analyze. The statute of limitations for wrongful-death actions is set forth in Minn.Stat. § 573.02, subd. 1 (2002). At the time of Mary Murphy's death, the statute provided, in pertinent part:

> When death is caused by the wrongful act or omission of any person or corporation, the trustee appointed * * * may

maintain an action therefore if the decedent might have maintained an action, had the decedent lived, for an injury caused by the wrongful act or omission. An action to recover damages for a death caused by the alleged professional negligence of a physician, surgeon, dentist, hospital * * * shall be commenced within the time set forth in section 541.07, subdivision 1.

Minn.Stat. § 573.02, subd. 1 (1998). At the same time, Minn.Stat. § 541.07 (1998) provided: "Except where the Uniform Commercial Code, this section, section 148A.06, or section 541.073 otherwise prescribes, the following actions shall be commenced within two years: (1) for * * * all actions against physicians, surgeons, * * * hospitals * * * for malpractice, error, mistake or failure to cure, whether based on contract or tort[.]" Thus, at the time of Mary Murphy's death, the statute of limitations for a wrongful-death claim premised on medical malpractice was two years from the date of the alleged malpractice. *See DeRogatis v. Mayo Clinic*, 390 N.W.2d 773, 775–76 (Minn.1986) (holding accrual date in wrongful-death action is date of alleged underlying malpractice rather than date of death).

In 1999, the legislature overhauled the statute of limitations provisions for medical-malpractice actions by amending section 541.07 and enacting section 541.076. *See* 1999 Minn. Laws ch. 23, §§ 1–3. As a result, the previous reference in section 541.07 to malpractice actions against physicians, surgeons, and hospitals was deleted and section 541.076 now addresses "health care provider" malpractice actions. Section 541.07 was amended to include specific language creating an exception to the two-year statute of limitations period for medical-malpractice actions and currently provides, in pertinent part:

*Except where* the Uniform Commercial Code, this section, section 148A.06, 541.05, 541.073, or *541.076 otherwise prescribes*, the following actions shall be commenced within two years: [listing common law torts, but excluding medical malpractice actions].

Minn.Stat. § 541.07 (2002) (emphasis added). Section 541.076 lengthened the statute of limitations for medical-malpractice claims from two years to four years:

(b) An action by a patient or former patient against a health care provider alleging malpractice, error, mistake, or failure to cure, whether based on a contract or tort, must be commenced within four years from the date the cause of action accrued.

Minn.Stat. § 541.076(b) (2002). The effective date of the legislation was August 1, 1999, and the legislation applied "to actions commenced on or after that date." 1999 Minn. Laws ch. 23, §§ 2, 3. The wrongful-death statute, whose text was unchanged at that time, continued to reference section 541.07, which now created an exception that extended the limitations period for medical-malpractice actions from two years to four years under the newly enacted section 541.076. *See* Minn.Stat. § 573.02, subd. 1 (1998); Minn.Stat. §§ 541.07, .76 (Supp.1999).

In 2002, after the present action was commenced, the legislature amended the wrongful-death statute. Section 573.02 currently provides, in relevant part:

An action to recover damages for a death caused by the alleged professional negligence of a physician, surgeon, dentist, hospital or sanitarium * * * shall be commenced within three years of the date of death, but in no event shall be commenced beyond the time set forth in section 541.076.

Minn.Stat. § 573.02, subd. 1 (2002). Thus, based on a plain reading of the statute, a

wrongful-death action based on a medical-malpractice claim must be brought within three years of the date of death, but never more than four years from the date the cause of action accrued. Generally, a wrongful-death cause of action based on medical malpractice accrues on the date of the last treatment. *Broek v. Park Nicollet Health Servs.*, 660 N.W.2d 439, 442–43 (Minn.App.2003) (citing *Johnson v. Winthrop Labs.*, 291 Minn. 145, 149, 190 N.W.2d 77, 80 (1971)), *review denied* (Minn. July 15, 2003). Consequently, some wrongful-death actions may be barred under the statute even if they are brought on the day of death. *See DeCosse v. Armstrong Cork Co.*, 319 N.W.2d 45, 48 (Minn. 1982) (interpreting 1978 amendment to wrongful-death statute that limited actions, other than those involving medical malpractice, to three years of the date of death, provided action is commenced within six years of the act or omission). The legislature established the effective date of the 2002 amendment to Minn.Stat. § 573.02 as "retroactive to August 1, 1999." 2002 Minn. Laws ch. 403, § 6. Significantly, the language does not state that the amendment applies to pending claims so as to deprive plaintiffs of their causes of action.

With this series of statutory amendments in mind, we are asked to determine what the applicable statute of limitations is for wrongful-death claims premised on allegations of medical malpractice brought between August 1, 1999, and July 31, 2002. The district court concluded that the 2002 amendments to the wrongful-death statute did not apply to respondent's action and denied appellants' summary judgment motions. Relying primarily on *Gomon v. Northland Family Physicians, Ltd.*, 645

N.W.2d 413 (Minn.2002),[1] the district court concluded that the 2002 amendment to section 573.02 applied retroactively to causes of action accruing on or after August 1, 1999, but not to causes of action that accrued prior to August 1, 1999, but were brought after August 1, 1999. Thus, according to the district court, because Mary Murphy died in April of 1998 after being treated in March 1998, respondent's cause of action accrued before August 1, 1999, and, therefore, the 2002 amendments do not apply.

Although we agree with the district court's conclusion that respondent's claim is not time-barred, our rationale differs. Respondent's claim is timely, not primarily because of when respondent's claim accrued but because of when he brought his claim. The statute of limitations in effect when the action is brought controls, unless the time limit for the action set by the former statute of limitations has elapsed while the old statute of limitations was in effect and before the claim was brought. *State ex rel. Donovan v. Duluth St. Ry. Co.*, 150 Minn. 364, 366, 185 N.W. 388, 389 (1921); *see also Sarafolean v. Kauffman*, 547 N.W.2d 417, 421 (Minn.App.1996), *review denied* (Minn. July 10, 1996); *Wschola v. Snyder*, 478 N.W.2d 225, 226–27 (Minn.App.1991), *review denied* (Minn. Feb. 10, 1992). Thus, the new statute of limitations applies to all claims where the former statute has not run before the new statute of limitations takes effect. *Donovan*, 150 Minn. at 366, 185 N.W. at 389.

Here, respondent brought his cause of action in February 2002, after the 1999 amendment to the medical-malpractice statute extended the statute of limitations from two to four years, Minn.Stat.

---

1. *Gomon* held that the 1999 amendment applied to all medical-malpractice claims that came within the expanded four-year limita- tions period and are commenced on or after the effective date of the new statute, including those that had become stale. *Id.* at 419–20.

§§ 541.07, .076 (2000), but before the enactment of the 2002 amendment to the wrongful-death statute, Minn.Stat. § 573.02, reducing the statute of limitations to three years. The plain language of the amendments establishes that the 1999 amendment expanded the limitations period for causes of action premised on medical malpractice, including wrongful-death claims,[2] while the 2002 amendment subsequently shortened the limitations period for wrongful-death claims premised on medical malpractice.[3] The 1999 amendment was in effect at the time respondent brought his claim and, therefore, controls the present action, though the legislature intended both amendments to apply retroactively. *See* 2002 Minn. Laws ch. 403, § 6; 1999 Minn. Laws ch. 23, §§ 2, 3 (establishing effective dates). Because the two amendments were not enacted in the same year, a three-year window was created in which a plaintiff, like respondent, could bring a wrongful-death claim premised on medical malpractice based on the 1999 amendment, which established a four-year limitations period for such claims.

Appellants contend that, because the legislature did not amend the wrongful-death statute of limitations when it amended the medical-malpractice statute of limitations in 1999, the wrongful-death statute continued to refer to the two-year limitations provision set forth in Minn.Stat. § 541.07. Appellants' arguments rely on the statutory language of the 1998 version of section 573.02, subdivision 1, stating that wrongful-death actions premised on medical malpractice must be brought "within the time set forth in section 541.07," to the exclusion of the statutory language of section 541.07, which specifically exempts actions based on malpractice from the two-year limitations period. *See* Minn.Stat. §§ 645.19 (providing for construction of provisos and exceptions), .26, subd. 1 (2002) (stating more particular provision prevails over the more general provision). Under appellants' interpretation, in 1999, the legislature, retained the two-year limitations provision for medical-malpractice wrongful-death actions and extended the limitations period to four years for claims alleging medical-malpractice not resulting in death. The legislature then extended the wrongful-death limitations provision from two years to three years in 2002. But a full and fair reading of the legislative record indicates otherwise. *See* Minn.Stat. § 645.16(7) (2002) (stating courts may consider contemporaneous legislative history to discern legislative in-

**2.** We note that, because the limitations period is an element of the cause of action in wrongful-death claims, a defendant may, in certain circumstances, have a vested right in the limitations period such that constitutional or other constraints may limit the legislature's power to enact retroactive legislation that revives claims, such as when the time for filing a claim under the former statute of limitations has elapsed at the time that the new statute of limitations extends the period to file a lawsuit. *Donaldson v. Chase Sec. Corp.*, 216 Minn. 269, 277, 13 N.W.2d 1, 5 (1943). Here, however, because respondents' claim was not stale when the 1999 amendment extended the limitations period, appellants had not acquired a vested right in the shorter two-year limitations period.

**3.** Legislative history suggests that the legislature intended to "coordinate" the two limitations provisions in sections 541.076 and 573.02 by providing a four-year limitations period for all claims arising out of medical malpractice. *See Senate Floor Debate on H.F. 1051* (May 16, 2001) (statement of Sen. Neuville). But this intent is not reflected in the language of the wrongful-death statute. Because the language of Minn.Stat. §§ 573.02 and 541.076 is unambiguous, our holding is based on the plain meaning of the language used. Minn.Stat. § 645.16 (2002). We refer to the legislative history for the 2001 bill, which was vetoed by the governor in 2001 because it was reintroduced in the same form in 2002 and ultimately enacted in May 2002.

tent). Where the words of the statute are clear and free from ambiguity, we must not engage in any further construction. Minn.Stat. § 645.16 (2002). In light of the canons of construction, which govern our statutory interpretation and analysis, appellants' arguments must be rejected.

Appellants' arguments are premised on the assumption that the wrongful-death statute is untethered to the medical-malpractice statute. But by their plain language, the two statutes are intricately linked. Minn.Stat. § 645.31, subd. 2 (2002) (stating that, where an act adopts the provisions of another law by reference, it also adopts by reference any subsequent amendments of such other law, except where there is clear legislative intention to the contrary). The 1999 amendments to section 541.07 expressly created an exception to the two-year limitations provision for medical-malpractice actions by (1) deleting the old language pertaining to malpractice actions; (2) adding section 541.076 to address medical-malpractice actions; and (3) expressly delineating section 541.076 as an exception to the two-year limitations provision. *See* 1999 Minn. Laws ch. 23, § 1. Further, appellants' interpretation disregards the preliminary paragraph of section 541.07, which provides "[e]xcept where * * * section * * * 541.076 otherwise prescribes, the following actions shall be commenced within two years[.]" Minn.Stat. § 541.07; *see* Minn. Stat. §§ 645.17(2) (stating "the legislature intends the entire statute to be effective and certain"), .16 (2002) (stating "[e]very law shall be construed, if possible, to give effect to all its provisions").

■ Alternatively, appellants assert that the 2002 amendment applies to deprive respondent of his cause of action because the legislature intended the amendment's three-year limitations period to apply retroactively to August 1, 1999.

Appellants' argument fails to consider, however, that, when a statute of limitations is amended while a claim is pending, the statute of limitations in effect at the time the plaintiff brought the action controls. *Donovan,* 150 Minn. at 366, 185 N.W. at 389; *see also Sarafolean,* 547 N.W.2d at 421; *Wschola,* 478 N.W.2d at 226–27.

Because we conclude that respondent's action is not barred, we need not address his argument that the 2002 amendment to the wrongful-death act deprives him of an existing cause of action resulting in an unconstitutional application of the act.

## DECISION

A claim is governed by the statute of limitations in effect at the time the action is brought. The statute of limitations for wrongful-death actions premised on allegations of medical malpractice brought between August 1, 1999, and July 31, 2002, is four years from the date the cause of action accrued. Under Minn.Stat. § 573.02, subd. 1 (2002), the statute of limitations for wrongful-death actions premised on medical malpractice brought on or after August 1, 2002, is three years from the date of death, provided the action is brought within four years from the date the cause of action accrued.

**Affirmed; certified question answered.**