Scott JOHNSON and Sue Johnson, individually and d/b/a Marketplace Meats, and as Parents and Natural Guardians of Caitlin Johnson and Austin Johnson, Respondents,

v.

FOUNDRY, INC., a/k/a Foundry Bar, a/k/a Foundry, Appellant,

Lumberjack Lounge, Inc., a/k/a Lumberjack Lounge, Defendant.

No. A04–2290.

Court of Appeals of Minnesota.

Aug. 2, 2005.

Thomas M. Skare, Skare Law Office, Inc., Cloquet, MN, for respondents.

Steven E. Tomsche, Bryan B. Carroll, Tomsche, Sonnesyn & Tomsche, P.A., Minneapolis, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; STONEBURNER, Judge; and DIETZEN, Judge.

## OPINION

STONEBURNER, Judge.

The district court concluded that the sole shareholders of a corporation whose place of business was damaged by an intoxicated driver may assert a claim under the Minnesota Civil Damages Act, individually and on behalf of their minor children, for loss of means of support based on property damage to the building from which the corporation conducted its business, which damage resulted in lost profits. The district court then certified as an important and doubtful question:

> Do the owners of a business who claim lost profits as a result of property damage sustained to the building where the business was located, which damage was caused by the acts of an intoxicated motorist, have claims for loss of means of support, under the Minnesota Civil Damages Act, against the liquor vendor

who allegedly made an illegal sale of intoxicating beverages to the intoxicated motorist?

We answer the certified question in the negative.

## FACTS

Respondents Susan and Scott Johnson are the sole shareholders of Marketplace Meats, Inc., a retail meat market and grocery business. An intoxicated driver was illegally served alcoholic beverages by appellant Foundry, Inc. and subsequently caused damage to the building from which Marketplace Meats, Inc. conducted business. The corporation lost profits due to the damage. In order to come within the loss-of-means-of-support coverage provision of Foundry's liquor-liability insurance policy, respondents, suing as individuals and on behalf of their two minor children, asserted a claim under the Minnesota Civil Damages Act for loss of means of support, claiming that they are dependents of the injured corporation.

Foundry moved for summary judgment on the basis that the Act does not contemplate categorizing lost profits from property damage as loss-of-means-of-support damages. The district court denied summary judgment but certified the issue to this court as an important and doubtful question.

## ISSUE

Do the owners of a business who claim lost profits as a result of property damage sustained to the building where the business was located, which damage was caused by the acts of an intoxicated motorist, have claims for loss of means of support, under the Minnesota Civil Damages Act, against the liquor vendor who allegedly made an illegal sale of intoxicating beverages to the intoxicated motorist?

## ANALYSIS

### I. Standard of Review

Minn. R. Civ.App. P. 103.03(i) provides that an appeal may be taken to this court from an order that denies a motion for summary judgment if the district court "certifies that the question presented is important and doubtful." On review of a certified question arising from denial of summary judgment, "we review the record to determine whether a genuine issue of material fact exists and whether the law was correctly applied." *Murphy v. Allina Health Sys.*, 668 N.W.2d 17, 20 (Minn.App.2003), *review denied* (Minn. Nov. 18, 2003). The parties agree that no material facts are in dispute and that the resolution of the certified question involves the interpretation of the Civil Damages Act. "Interpretation of the Civil Damages Act is a question of law, which an appellate court reviews de novo." *Britamco Underwriters, Inc. v. A & A Liquors of St. Cloud*, 649 N.W.2d 867, 871 (Minn.App. 2002).

### II. A corporation's lost profits due to property damage inflicted by an intoxicated driver cannot be recovered by shareholders and their dependents as loss-of-means-of-support damages under the Civil Damages Act.

The Minnesota Civil Damages Act provides, in relevant part:

Right of action. A spouse, child, parent, guardian, employer, or other person injured in person, property, or means of support, or who incurs other pecuniary loss by an intoxicated person or by the intoxication of another person, has a right of action in the person's own name for all damages sustained against a person who caused the intoxication of that

person by illegally selling alcoholic beverages.

Minn.Stat. § 340A.801, subd. 1 (2004). The Civil Damages Act (CDA) creates a statutory cause of action against those who furnish liquor where no cause of action existed at common law, and therefore the CDA must be strictly construed. *Whitener ex rel. Miller v. Dahl,* 625 N.W.2d 827, 833 (Minn.2001). The "legislative purpose of the dram shop act [is] to penalize the illegal sale of liquor and to provide a remedy to those damaged by the illegal sale." *Paulson v. Lapa, Inc.,* 450 N.W.2d 374, 383–384 (Minn.App.1990), *review denied* (Minn. Mar. 22, 1990).

■ In order to recover loss-of-means-of-support damages, a plaintiff must demonstrate that "in consequence of the wrongful acts complained of the plaintiff's standard of living or accustomed means of maintenance has been lost or curtailed so that he has been reduced to a state of dependence by being deprived of the support which he had theretofore enjoyed." *Bundy v. City of Fridley,* 265 Minn. 549, 553, 122 N.W.2d 585, 588–89 (1963). The inquiry often revolves around the question of whether the decedent or injured person actually provided financial support. *E.g., id.,* 122 N.W.2d at 589 (rejecting loss-of-support claim made by parents of 10–year–old when there was no evidence "that the minor's death has in any way affected their income or standard of living ...."). For purposes of answering the certified question, it is not disputed that the business run by the corporation provided income to respondents.

■ Appellant argues that *Britamco* is "highly instructive" in this case because it involved a similar attempt to assert a novel loss-of-means-of-support claim in order to qualify for specific coverage under a liquor-liability insurance policy. 649 N.W.2d at 869. In *Britamco,* Thomas Eul,

a person who was injured in an assault at a bar, obtained a default judgment against the bar. Eul then sought a declaratory judgment that he was entitled to loss-of-means-of-support coverage as well as bodily injury coverage under the bar's liquor-liability policy. *Id.* This court noted that section 340A.409, subd. 1(1) of the CDA requires a liquor establishment to carry an insurance policy that contains minimum limits for bodily injury, property damage, and loss of means of support, and recognized that the CDA's modest limits for bodily injury created a lack-of-coverage problem for Eul. *Id.* at 871, 872. But we held that "[i]t is too clear to be contested that Minnesota law covers Eul's loss of income and loss of wages under the broad category of bodily injury," citing the standard civil jury instructions defining bodily injury damages to include loss of wages and loss of future earning capacity. *Id.* at 872. And we held that "nothing in the history of the CDA remotely permits Eul to convert lost wages to loss-of-support damages and stack those on top of bodily injury damages." *Id.* at 872–73.

*Britamco* holds that "the phrase 'loss of means of support' incorporates within it the requirement that a claimant be a dependent." *Id.* at 872. The respondents argue that *Britamco* is distinguishable from this case because Eul was not his own dependent, but respondents are, or were, dependents of the injured corporation. Respondents do not offer any authority or logical argument to support their claim that they qualify as dependents of the corporation. Respondents have not cited, and we have not found, a single case from any jurisdiction involving a claim for loss of means of support based on lost profits or revenue of a corporation, or based on any type of support provided by a business, a corporation, or other non-human entity.

Even if there were some authority for the proposition that a corporation can have "dependents," we cannot ignore the large body of case law demonstrating that a loss-of-support claim under the CDA traditionally arises out of injury to, or death of, a person on whom the claimants are financially dependent that prevents the person from contributing to claimants' support. *E.g. Bundy*, 265 Minn. 549, 122 N.W.2d 585 (involving claim based on death of son); *State Farm Mut. Auto. Ins. Co. v. Village of Isle*, 265 Minn. 360, 365, 122 N.W.2d 36, 40 (1963) (affirming award for loss of support to wife when wife's means of support was "substantially damaged by reason of the injuries and disabilities suffered by her husband whose intoxication was the proximate cause thereof"); *Lefto v. Hoggsbreath Enters., Inc.*, 567 N.W.2d 746 (Minn.App.1997) (allowing claim based on severe and permanent injuries and subsequent loss of support to claimant, who was injured person's fiancée).

Corporations do not suffer bodily injury or death. At most, a corporation can have a claim for property damage to property owned by the corporation. *See Peterson v. Universal Fire and Cas. Ins. Co.*, 572 N.E.2d 1309, 1311 (Ind.Ct.App.1991) (noting, in context of construing contract language, that "a corporation cannot sustain bodily injury, [but] a corporation may sustain property damage."). Appellant does not dispute the right of the corporation to recover property damage, which includes damages caused by the destruction of property and damages caused by loss of use of the property. *See* 4A *Minnesota Practice*, CIVJIG 92.10 (1999) (including loss of use of property in instruction on losses resulting from damage to or destruction of property).

As in *Britamco*, we recognize that respondents may have an unfortunate lack-of-coverage problem, but we find nothing in the history of the CDA or case law construing the Act that remotely permits respondents to convert a loss-of-use-of-property damage claim into a loss-of-means-of-support claim merely to stack the coverages available in a liquor-liability insurance policy.

## DECISION

Respondents, sole shareholders of a corporation and their dependents, cannot assert the corporation's claim for lost profits caused by the acts of an intoxicated driver as loss-of-means-of-support damages under the Minnesota Civil Damages Act against the liquor vendor who allegedly made an illegal sale of intoxicating beverages to the driver.

**Certified question answered in the negative.**