Kirk N. GOMON, et al., Petitioners, Appellants,

v.

NORTHLAND FAMILY PHYSICIANS, LTD., et al., Respondents.

No. C8-00-1465.

Supreme Court of Minnesota.

June 13, 2002.

MacKenzie & Hallberg, P.A., Reed K. MacKenzie, Mark Hallberg, Minneapolis, for appellant.

Meagher & Geer, P.L.L.P., William M. Hart, Rodger A. Hagen, Katherine A. McBride, Minneapolis, for respondent.

Fluegel Law Office, Wilbur W. Fluegel, Minneapolis, for Amicus MN Trial Lawyers Association.

## OPINION

BLATZ, Chief Justice.

 Appellants Kirk N. Gomon and Carol Gomon brought a medical malpractice action against respondents Northland Family Physicians, Ltd. and Harvey D. Smith, M.D. The St. Louis County District Court granted respondents' motion for summary judgment, finding that the action was barred under the two-year statute of limitations in force at the time the cause of action accrued. The court of appeals affirmed. Because we hold that Minn.Stat. § 541.076 (2000) applies retroactively to revive an action that was time-barred before the effective date of the new statute, we reverse.

On July 23, 1996, Kirk Gomon was seen for a physical examination by Dr. Harvey D. Smith, a family practice physician employed by Northland Family Physicians, Ltd. (the clinic). During the examination, Dr. Smith observed that Gomon's left nipple was inverted and that there was a palpable mass surrounding the area of the nipple. Dr. Smith identified the mass as Gomon's nipple, and did not recommend further testing or treatment. In July and August 1998, following medical visits at a different clinic, Gomon was diagnosed with and began treatment for breast cancer. On December 3, 1999, Gomon and his wife commenced a medical malpractice action against respondents Dr. Smith and the clinic. The suit alleged that the conditions noted by Dr. Smith required further evaluation for breast cancer and that diagnosis and treatment following Gomon's July 1996 visit with Dr. Smith would have led to successful treatment of the cancer. The complaint further alleged that because of the delay in diagnosis and treatment the cancer had spread and it was probable that Gomon would not survive.

At the time the Gomons' cause of action accrued, on July 23, 1996, the statute of limitations governing medical malpractice claims required that an action be brought within two years of accrual. *See* Minn. Stat. § 541.07(1) (1996). Subsequently, the legislature enacted an amendment to the statute deleting the two-year statute of limitations for medical malpractice actions and replacing it with a four-year limitations period, effective on August 1, 1999, for actions commenced on or after that date. *See* Act of Mar. 26, 1999, ch. 23, §§ 1–3, 1999 Minn. Laws 128, 128 (hereinafter referred to as "1999 Act"), codified at Minn.Stat. § 541.076. In their answer to the Gomons' complaint, Dr. Smith and the clinic asserted a statute of limitations defense and in May 2000 respondents moved for summary judgment asserting that the cause of action was time-barred.

The St. Louis County District Court applied the two-year limitations period in effect at the time the Gomons' cause of action accrued, and granted respondents' motion for summary judgment. The court concluded that the amendment to the limitations period did not revive the Gomons' otherwise time-barred action.

The Gomons appealed, and the court of appeals affirmed the summary judgment in favor of respondents holding that Minn. Stat. § 541.076 did not apply retroactively to revive the Gomons' malpractice claim that was time-barred prior to August 1, 1999. This appeal followed.

 This court reviews a district court's order of summary judgment to determine whether there is any genuine issue of material fact and whether the district court correctly applied the law. *Offerdahl v. Univ. of Minn. Hosp. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). The facts here are undisputed, therefore the only question presented is one of statutory interpretation. Construction of a statute of limitations is a question of

law that this court reviews de novo. *Ryan v. ITT Life Ins. Corp.*, 450 N.W.2d 126, 128 (Minn.1990).

■ When interpreting a statute, a court must first determine whether the statute's language, on its face, is clear or ambiguous. *See Amaral v. Saint Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn.1999). "A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Id.*

The parties do not dispute that the Gomons' cause of action against respondents accrued on July 23, 1996, when Dr. Smith saw Kirk Gomon for a physical examination. At that time, the statute of limitations for medical malpractice claims was two years from the date the claim accrued, Minn.Stat. § 541.07, and therefore under the two-year limitations period the Gomons' malpractice claim became time-barred on July 23, 1998. However in a 1999 Act, the legislature deleted the two-year statute of limitations for medical malpractice actions and replaced it with a four-year limitations period. *See* 1999 Act. The Act provides:

> An action by a patient or former patient against a health care provider alleging malpractice, error, mistake or failure to cure, whether based on contract or tort, must be commenced within four years from the date the cause of action accrued.

1999 Act, § 2. The Act also included an effective date clause providing that the new four-year limitations period was "effective August 1, 1999, and applies to actions commenced on or after that date." 1999 Act, § 3. The Gomons commenced their action on December 3, 1999, within four years after the date the cause of action accrued, but beyond the two-year period of time allowed by the prior statute of limitations. Therefore the issue before this court is whether the Gomons' cause of action was revived by the 1999 Act.

■ Two canons of statutory construction guide the court's analysis of this issue. The first is set forth in Minn.Stat. § 645.16 (2000), which provides:

> When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

Thus the court must give a plain reading to any statute it construes, and when the language of the statute is clear, the court must not engage in any further construction. *See State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701 (Minn.1996). The second canon of statutory construction relevant to our analysis is set forth in Minn. Stat. § 645.21 (2000), which provides:

> No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature.

In accordance with this canon, this court has held that a legislature can, by expression of clear legislative intent, retroactively amend a statute of limitations. *Donaldson v. Chase Sec. Corp.*, 216 Minn. 269, 274, 13 N.W.2d 1, 4 (1943) (permitting application of longer statute of limitations period to already pending claim where legislature's retroactive purpose was clear), *aff'd*, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945); *see also Wichelman v. Messner*, 250 Minn. 88, 83 N.W.2d 800 (1957) (noting constitutional prohibition against retroactive application of law does not apply to statutes of limitations).

The Gomons argue that the language in the effective date provision of the 1999 Act, stating that the new limitations period "is effective August 1, 1999 and applies to actions commenced on or after that date," should be given its plain and unambiguous meaning. Further, while acknowledging that a law is not retroactive unless retroactive effect is "clearly and manifestly so

intended by the legislature," Minn.Stat. § 645.21, the Gomons contend that the language of the effective date provision is a clear expression of such intent. Thus they argue that the presumption against retroactivity expressed in Minn.Stat. § 645.21 is defeated.

The language of Minn.Stat. § 541.076 is straightforward and uncomplicated—a medical malpractice action "must be commenced within four years from the date the cause of action accrued." We agree with the Gomons that the language of the effective date provision is similarly clear-cut—the new four-year limitations period is "effective August 1, 1999, and applies to actions commenced on or after that date." Nothing in Minn.Stat. § 541.076 or its effective date provision suggests any limitations or exceptions from the four-year limitations period. The statute simply provides that a medical malpractice action *commenced on or after* August 1, 1999, is subject to the new four-year statute of limitations. Here, the Gomons' medical malpractice action was commenced on December 3, 1999, a date subsequent to the effective date of Minn.Stat. § 541.076. Further, the cause of action accrued on July 23, 1996, which is within four years of December 3, 1999. Therefore, applying the plain meaning of the statute and its effective date provision, the Gomons' claim may go forward.

Although we conclude that the plain meaning of Minn.Stat. § 541.076 and its effective date provision is not an impediment to the Gomons' claim, the new statute of limitations still must be interpreted in light of the second relevant canon of interpretation concerning retroactive application of statutes, Minn.Stat. § 645.21. Section 645.21 provides: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." In light of this canon and our analysis of the relevant case law, we conclude

that the plain language of Minn.Stat. § 541.076 and its effective date provision expresses the legislature's intent to revive certain claims, such as the Gomons', and that no additional expression of legislative intent is required.

Respondents acknowledge that the legislature has the power to enact retroactive legislation, citing Minn.Stat. § 645.21, and they further concede that this power extends to retroactive legislation that revives claims that have already become time-barred, citing *Donaldson,* 216 Minn. at 274, 13 N.W.2d at 4. Even so, they argue that the term "retroactive" encompasses two applications—revival and extension—that in their view are significantly different from each other. Specifically, respondents contend that *revival* of an already expired claim is a more serious matter that causes greater prejudice to defendants than merely reaching back to *extend* the time allowed for bringing an existing but not yet barred cause of action. Based on this difference, respondents argue that even if a statute is intended to apply retroactively to *extend* claims that are not time-barred on the effective date of the new statute, it should not be applied retroactively to *revive* a previously time-barred claim unless intent to revive is specifically expressed.

The court of appeals agreed with respondents' argument, and concluded that the law regarding retroactivity distinguishes between extension and revival of a claim. *Gomon v. Northland Family Physicians, Ltd.,* 625 N.W.2d 496, 499–500 (Minn.App.2001). In support of its conclusion, the court of appeals relied upon a line of cases from this court that the court of appeals construed as establishing that revival of time-barred actions has been treated differently than the extension of time in which to bring a claim. *Id.* (citing *Klimmek v. Indep. Sch. Dist. No. 487,* 299 N.W.2d 501 (Minn.1980); *Kannellos v. Great Northern Ry.,* 151 Minn. 157, 186

N.W. 389 (1922); *State ex rel. Donovan v. Duluth St. Ry.*, 150 Minn. 364, 366, 185 N.W. 388, 389 (1921); *Whittier v. Village of Farmington*, 115 Minn. 182, 131 N.W. 1079 (1911)). Based on its reading of these cases, the court of appeals maintained that even if the legislature has expressed its clear and manifest intent that a statute apply retroactively, the statute should be limited solely to extend claims that have not yet expired unless the legislature has more specifically expressed its intent to revive claims that were already time-barred. *Id.* at 499–500. Applying this reasoning, the court of appeals concluded that the language at issue here did not sufficiently express the legislature's intent to *revive* time-barred claims. *Id.* at 501.

■ Upon examination, we conclude that the cases cited by the respondents and relied on by the court of appeals do not require distinguishing between revival and extension except where the legislature expresses its intent to impose such a distinction through the plain language of the statute. To the extent that *Kannellos* and *Whittier* analyze revival as distinct from extension, this view is probably based on the court's belief at that time that the legislature lacked authority to revive an expired claim by amendment of the statute of limitations. *See Kannellos*, 151 Minn. at 160–61, 186 N.W. at 391; *Whittier*, 115 Minn. at 187–88, 131 N.W. at 1081. The court's opinion in *Donovan* also expresses

its belief that the legislature lacked authority to revive expired claims, but this statement at most is dicta, given that the facts of that case did not involve revival of a time-barred claim but rather addressed the *extension* of time for bringing suit where the cause of action had not yet expired.[1] 150 Minn. at 367, 185 N.W. at 389. Not only did the court in *Donovan* not need to reach the issue of revival, but as we have noted earlier, there can be no doubt that the legislature has the power to amend a statute of limitations to revive a claim that was already barred under the prior limitations period. *See Donaldson*, 216 Minn. at 274, 13 N.W.2d at 4.

We also conclude that *Kannellos* and *Whittier* do not support the conclusion that the legislature must *specifically* express its intent to revive time-barred claims over and above a clear and manifest expression of its intent that a statute apply retroactively. The court of appeals quotes language from these cases to support this proposition, noting that in *Whittier* this court stated that "the intention to revive should be made clearly to appear by the terms of the statute, and not left to inference" and in *Kannellos* stated that "an intent [to revive] should be specific in language and free from doubt." *Gomon*, 625 N.W.2d at 499 (quoting *Whittier*, 115 Minn. at 188, 131 N.W. at 1081; *Kannellos*, 151 Minn. at 161, 186 N.W. at 391). It is our view that this language simply uses different terms to express the same rule

---

1. The court of appeals also relies on *Klimmek*, 299 N.W.2d at 503, for further support of its conclusion that the court has treated revival differently than other forms of retroactivity. A closer examination of our decision in *Klimmek*, however, demonstrates the opposite of the court of appeals' conclusion. In *Klimmek* the court held that the application of a new limitations period to *extend* an existing claim—a claim that was not yet time-barred under the old statute of limitations—was not retroactive application, and therefore did not need to comply with the requirement of Minn.

Stat. § 645.21 that retroactive intent must be manifestly expressed in the statute. The logical corollary of this conclusion is that the court considered revival as retroactive application that is subject to section 645.21. Therefore *Klimmek* cannot be read to support a requirement for revival that goes beyond the requirement set forth in section 645.21. *See also State v. Traczyk*, 421 N.W.2d 299, 302 n. 4 (Minn.1988) (limiting the interpretation of retroactivity in *Klimmek* to the area of workers' compensation law).

later codified by the legislature in Minn. Stat. § 645.21, that an intent that a statute be applied retroactively shall be "clearly and manifestly" expressed by the legislature.

Further, a closer examination of this court's holding in *Donaldson* clearly demonstrates that this court has not required a greater level of specificity to revive time-barred claims than the clear expression of legislative intent. 216 Minn. at 269, 13 N.W.2d at 1. *Donaldson* involved a statute enacted in 1941 that modified the statute of limitations on certain causes of action related to unlawful sales of securities, and provided that any such claim could be brought within one year of the new statute's effective date.[2] 216 Minn. at 272, 13 N.W.2d at 3. Prior to the 1941 statute, securities claims had been limited by the general six-year statute of limitations for liabilities created by statute. 216 Minn. at 271, 274, 13 N.W.2d at 2, 4. Because the plaintiff in *Donaldson* had purchased the contested securities in 1929, defendant alleged that her claim had expired. 216 Minn. at 270, 13 N.W.2d at 2. However, this court determined that the plain language of the statute evinced the legislature's intent to permit claims even where the general six-year limitations period had already run. 216 Minn. at 274, 13 N.W.2d at 4. Although the statute in *Donaldson* had a more far-reaching effect than the

statute in the case at bar,[3] the court did not require any specific expression of legislative intent to revive expired claims beyond the plain language of the statute.

 Based upon our analysis of the case law, we reverse the court of appeals' decision and decline to view revival of time-barred claims separately from other forms of retroactive application of a statute by requiring additional express language of revival over and above the requirement that intent to revive be clearly and manifestly expressed. *See* Minn.Stat. § 645.21. In so holding, however, we do recognize that constitutional or other constraints may limit the legislature's power to enact retroactive legislation in certain circumstances. *See, e.g., Traczyk,* 421 N.W.2d at 301 (holding statute that extended statute of limitations for certain criminal sexual conduct could not be applied retroactively to a prosecution commenced after the limitations statute in effect at the time of the alleged offense had expired). No such constraints restrict the legislature's authority in the present matter. *See Donaldson,* 325 U.S. at 315–16, 65 S.Ct. 1137.

In sum, based on the plain meaning of Minn.Stat. § 541.076 and its effective date provision, the new statute of limitations for medical malpractice claims applies to all claims that are within the four-year limita-

---

2. The statutory language at issue in *Donaldson* provided:

 No action shall be maintained for relief upon a sale of securities * * * unless commenced within six years [after the securities were delivered], provided that if, prior to the effective date of this section, more than five years shall have elapsed from the date of such delivery, then such action may be brought within a period of one year following such effective date.

 216 Minn. at 272, 13 N.W.2d at 3 (quoting Act of April 28, 1941, ch. 547, § 18, 1941 Minn. Laws 1093, 1119) (amending Minn.Stat. § 3996–24 (1927)).

3. The statute at issue in *Donaldson,* as interpreted by this court, did not establish a limit on how far back in time claims would be revived. In the instant case, a narrower window of revival was created by the legislature. Specifically, only the claims that accrued between August 1, 1995 and July 31, 1997 are revived by section 541.076. Claims that accrued between August 1, 1997 and July 31, 1999 would not have been time-barred at the time the statute of limitations was amended, and claims that accrued before August 1, 1995 fall outside the four-year period established by section 541.076.

tions period and are commenced on or after the effective date of the new statute. We decline respondents' request to graft a limitation—exclusion of expired claims—on section 541.076 because such a limitation is not expressed in the plain language. Although the legislature could have treated an expired claim such as the Gomons' differently than a claim that was not yet time-barred, nothing in the language of the statute or its effective date provision suggests the legislature intended such a result. Accordingly, we hold that the legislature by its use of plain and unambiguous language clearly and manifestly expressed its intent that the four-year statute of limitations established by Minn.Stat. § 541.076 for medical malpractice claims be applied retroactively. Because the Gomons' commenced their cause of action on December 3, 1999, within four years of when it accrued, their claim must be permitted to proceed.

Reversed and remanded.