**MINNESOTA ASSOCIATION OF PROFESSIONAL EMPLOYEES, Appellant,**

v.

**Patricia ANDERSON, Commissioner of Department of Employee Relations for the State of Minnesota, et al., Respondents.**

No. A06–1826.

Court of Appeals of Minnesota.

July 31, 2007.

Gregg M. Corwin, Katherine L. Miller, Gregg M. Corwin & Associates Law Office, P.C., St. Louis Park, MN, for appellant.

Lori Swanson, Attorney General, Gary R. Cunningham, Assistant Attorney General, St. Paul, MN, for respondents.

Considered and decided by TOUSSAINT, Chief Judge; WILLIS, Judge; and PARKER, Judge.*

## OPINION

WILLIS, Judge.

Appellant challenges the district court's dismissal of its declaratory-judgment action for the complaint's failure to state a claim on which relief can be granted. Appellant argues that the district court erred when it concluded that Minnesota law imposes no duty on respondents to ensure equitable compensation for executive-branch employees. Because we agree with the district court's interpretation of the law, we affirm.

## FACTS

Appellant Minnesota Association of Professional Employees (MAPE) is an employee organization and is the exclusive representative of executive-branch employees of the State of Minnesota. Respondent Commissioner of the Department of Employee Relations (DOER) is appointed by the governor under Minn.Stat. § 43A.03, subd. 2 (2006). The commissioner is the "chief personnel and labor relations manager of the civil service in the executive branch." Minn.Stat. § 43A.04, subd. 1(a) (2006).

In the early 1980s, the state legislature amended chapter 43A, the statute regulating DOER, and added Minn.Stat. § 43A.01, subd. 3 (2006), which provides:

It is the policy of this state to attempt to establish equitable compensation relationships between female-dominated, male-dominated, and balanced classes of

employees in the executive branch. Compensation relationships are equitable within the meaning of this subdivision when the primary consideration in negotiating, establishing, recommending, and approving total compensation is comparability of the value of the work in relationship to other positions in the executive branch.

In an effort to achieve the goal described by the statute, the Hay Corporation was certified to assign to each job class in, inter alia, the executive branch, "Hay points" to be considered in assigning pay grades. Hay points are calculated by evaluating the significance of the position as compared with other positions within the branch.

Chapter 43A requires the commissioner to compile biannually a list of job classes "for which a compensation inequity exists based on comparability of the value of the work" and submit that list, along with an estimate of the appropriation needed to provide "comparability adjustments" to job classes on the list, to the Legislative Coordinating Commission.[1] Minn.Stat. § 43A.05, subd. 5 (2006). The commission reviews and approves, disapproves, or modifies the commissioner's list and proposed appropriation and submits its action to the full legislature. *Id.* The legislature then approves, rejects, or modifies the commission's action and makes an appropriation. *Id.*, subd. 6.

On April 7, 2006, MAPE filed suit against the commissioner and the State of Minnesota (collectively, "respondents"), alleging that respondents are violating Minn. Stat. § 43A.01 "because (a) [respondents] are not compensating job classes in accor-

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. The Legislative Coordinating Commission coordinates the legislative activities of the

senate and house of representatives. Minn. Stat. § 3.303, subd. 1 (2006). Its membership, which is provided for by statute, is composed of legislators. *Id.*, subd. 2.

dance with the established Hay Points and (b) [respondents] are compensating positions with the same number of Hay Points at differing rates of pay." MAPE asked the district court for "a declaratory judgment affirming that [respondents] have a legal duty to equitably compensate [its] members in accordance with [Minn.Stat. § 43A.01] by compensating job classes in accordance with the established Hay Points."

The district court granted respondents' motion to dismiss MAPE's complaint on the ground that it failed to state a claim on which relief can be granted, and MAPE appeals.

## ISSUE

Does Minn.Stat. § 43A.01, subd. 3 (2006), impose a duty on the Commissioner of the Minnesota Department of Employee Relations to ensure that executive-branch employees are compensated equitably according to the "Hay points" system?

## ANALYSIS

When reviewing a district court's dismissal of a complaint for failure to state a claim on which relief can be granted, we consider whether the complaint sets forth a legally sufficient claim for relief. *Barton v. Moore*, 558 N.W.2d 746, 749 (Minn. 1997). We accept as true the facts alleged in the complaint and construe all reasonable inferences in favor of the nonmoving party. *Marquette Nat'l Bank of Minneapolis v. Norris*, 270 N.W.2d 290, 292 (Minn.1978). We review the district court's interpretation and construction of statutes de novo. *Lewis–Miller v. Ross*, 710 N.W.2d 565, 568 (Minn.2006).

The district court explained that its grant of respondents' motion to dismiss was based "in large part" on the first sentence of Minn.Stat. § 43A.01, subd. 3 (2006), which provides that "[i]t is the poli-

cy of this state *to attempt* to establish equitable compensation relationships." (Emphasis added.) The district court noted that section 43A.01, subdivision 3, "contains no language suggesting a mandate or duty," that "equitable" does not mean "equal," and that the commissioner's proposals regarding compensation adjustments are subject to two tiers of legislative review. The district court, therefore, determined that the commissioner's only duty regarding equitable-compensation relationships is to compile and submit to the Legislative Coordinating Commission a list of employment classes for which a compensation inequity exists and an estimate of the appropriation necessary to adjust the inequity. The district court concluded that the commissioner "has been delegated the authority in this matter to exercise his discretion with regard to the policies' implementation" but that "the policies' enforcement has been set aside for the legislature."

The goal of statutory interpretation is to effectuate the intention of the legislature. *Educ. Minn.-Chisholm v. Indep. Sch. Dist. No. 695*, 662 N.W.2d 139, 143 (Minn.2003). If the meaning of a statute is unambiguous, we interpret the statute's text according to its plain language. *Molloy v. Meier*, 679 N.W.2d 711, 723 (Minn.2004). Only when a statute is ambiguous do we use other canons of construction or extrinsic evidence to discern the legislature's intent. *See Gomon v. Northland Family Physicians, Ltd.*, 645 N.W.2d 413, 416 (Minn. 2002).

MAPE argues that the district court improperly concluded that chapter 43A allows respondents discretion in implementing the state's equitable-compensation policy and asserts that the statute instead "imposes a legal duty on Respondents to equitably compensate employees in the executive branch." MAPE argues further

that the Hay-points system represents equitable-compensation relationships, and, therefore, by not strictly adhering to the system, respondents are breaching their duty to compensate MAPE's members equitably.

■ MAPE asserts that its members' "[p]ay is not equitable because the actual compensation levels are not based on the comparability of the value of the work." But the plain language of the statute provides that pay is equitable when the value of the work is "the primary consideration" in determining compensation; it need not be the sole basis for compensation determinations. *See* Minn.Stat. § 43A.01, subd. 3.

■ We also reject MAPE's argument that the district court "abused its discretion" when it determined that "equitable" does not mean "equal." MAPE relies on a dictionary definition of "equitable" to argue that the words are interchangeable. But MAPE's assertion that "equitable" means "equal" contradicts the plain language of section 43A.01, subdivision 3, which provides that pay is "equitable" for purposes of section 43A.01 "when the primary consideration in negotiating, establishing, recommending, and approving total compensation is comparability of the value of the work in relationship to other positions in the executive branch." When the plain language of a statute is unambiguous, we do not look elsewhere for guidance on construction. *Gomon,* 645 N.W.2d at 416.

■ And the plain language of chapter 43A supports the district court's conclusion that the statute simply does not impose a duty on respondents to compensate employees equitably. The statute assures that the state will "attempt" to compensate employees equitably, and it imposes a duty on the commissioner to submit to the Legislative Coordinating Commission a list of job classes for which compensation inequity exists and an estimate of the appropriation necessary for adjusting any inequity, but it imposes no other duty. *See* Minn. Stat. §§ 43A.01, subd. 3, 43A.05, subd. 5 (2006). And, as respondents note, there is no mention of Hay points in any Minnesota statute.

MAPE identifies several factors that courts have used to determine legislative intent and argues that it should have been given an opportunity to introduce evidence to "show legislative intent to deny the Respondents discretion" in implementing the equitable-compensation policy. But evidence of legislative intent other than the plain language of the statute should be considered only if a statute's language is ambiguous. *Molloy,* 679 N.W.2d at 723. Here, there is no ambiguity.

MAPE further argues that the district court's interpretation of the equitable-compensation provisions of chapter 43A insulates the commissioner from liability under the statute and prevents MAPE's members from securing "judicial intervention to enforce their rights under the statute and obtain a meaningful remedy for their injuries," which "could not have been intended by the legislature." But the statute must impose a liability in order for the district court's interpretation of the statute to insulate the commissioner from that liability. Because the plain language of the statute imposes no duty—other than the commissioner's duty under section 43A.05, subdivision 5, to submit a list and a proposed appropriation to the Legislative Coordinating Commission—the commissioner's failure to ensure "equal" compensation for jobs with the same Hay-points value does not create a liability under the statute from which the commissioner could be insulated. And because the statute does not guarantee MAPE's members a "right" to equal compensation or even equitable com-

pensation but merely provides that the state will "*attempt* to establish equitable compensation relationships," the district court's interpretation also does not prevent MAPE's members from "enforc[ing] their rights under the statute and obtain[ing] a meaningful remedy for their injuries." *See* Minn.Stat. § 43A.01, subd. 3 (emphasis added); *see also Gomon,* 645 N.W.2d at 416 (noting that "when the language of the statute is clear, the court must not engage in any further construction" to discern legislative intent).

MAPE further argues that the district court incorrectly "ruled" that denying respondents' motion to dismiss would violate the separation-of-powers doctrine. MAPE presumably is referring to a reference in the final sentence of the district court's memorandum. The district court did not base its analysis on a theory of separation of powers—the memorandum is almost entirely a discussion of statutory interpretation. Therefore, any reference by the district court to separation of powers was dictum and does not warrant reversal.[2]

## DECISION

Because Minn.Stat. § 43A.01, subd. 3 (2006), imposes no duty on the commissioner to ensure that executive-branch employees are compensated equitably according to the "Hay points" system, the district court did not err by dismissing MAPE's declaratory-judgment action.

**Affirmed.**

---

2. MAPE argues also that the district court improperly addressed whether equitable-compensation relationships under Minn.Stat. § 43A.01, subd. 3, are subject to collective bargaining. MAPE asserts that the district court ought not have reached this issue because it exceeded the scope of the complaint. It provides no authority for its assertion that this discussion constituted error. And because the district court's reference to collective bargaining was not necessitated by the complaint and did not affect its decision, we conclude that the collective-bargaining discussion also was dictum.