**U.S. HOME CORPORATION, d/b/a Lundgren Brothers, Appellant,**

v.

**ZIMMERMAN STUCCO AND PLASTER, INC.,**
**Respondent.**

**No. A07–0889.**

Court of Appeals of Minnesota.

May 13, 2008.

Robert H. Torgerson, Robert L. Smith, Ryan Stai, Leonard, Street and Deinard, P.A., Minneapolis, MN, for appellant.

James A. Reding, Jr., Eric Lee Nelson, Reding & Pilney, PLLP, Lake Elmo, MN, for respondent.

Considered and decided by HALBROOKS, Presiding Judge; KLAPHAKE, Judge; and SCHELLHAS, Judge.

## OPINION

HALBROOKS, Judge.

Appellant U.S. Home Corporation d/b/a Lundgren Brothers challenges the district court's grant of summary judgment to respondent Zimmerman Stucco and Plaster,

Inc. The district court held that appellant's claims are barred by the repose period in Minn.Stat. § 541.051 (2004). The Minnesota Legislature subsequently amended section 541.051. Because the legislature's amendment to Minn.Stat. § 541.051 is intended to be retroactive and because summary judgment in favor of respondent was not a final judgment as of the effective date of the amendment, we reverse and remand.

## FACTS

Appellant was the general contractor for a home completed in October 1994 that was purchased by Jeanne Maier. Respondent was the stucco subcontractor for the home. Maier filed a lawsuit against appellant on May 4, 2004, claiming breach of statutory warranties under Minn.Stat. §§ 327A.01–.08 (2002 & Supp.2003), and negligence in the construction of the home. Respondent was not named in the lawsuit. Appellant tendered Maier's claims to respondent and requested that respondent defend and indemnify appellant. Respondent rejected appellant's tender on June 10, 2004.

Appellant settled Maier's claims on April 7, 2005. On May 3, 2006, appellant served a summons and complaint on respondent, asserting claims of indemnification and contribution as a result of the settlement with Maier. Respondent moved for summary judgment, arguing that appellant's claims were barred by the ten-year repose period in Minn.Stat. § 541.051 (2004). Appellant opposed the motion on the ground that the 2004 version of section 541.051 violated the equal-protection guarantees of the Minnesota Constitution. In the alternative, appellant argued that the repose period in subdivision 1 of section 541.051 was not applicable and that subdivision 4 governed its claims. Because subdivision 4 did not include a ten-year repose period, appellant contended that its claims were not barred.

In addition to its arguments in opposition to the summary-judgment motion, appellant also advised the district court that the Minnesota Legislature was then considering an amendment to section 541.051. Appellant asserted that the amended statute would have retroactive effect and asked the district court to reserve its ruling on the summary-judgment motion until after the legislature acted. The district court denied appellant's request to reserve judgment and granted respondent's motion for summary judgment on March 5, 2007. Appellant timely filed its notice of appeal on May 2, 2007. On May 21, 2007, Governor Pawlenty signed into law legislation amending section 541.051. The amended statute stated that it is "effective retroactively from June 30, 2006." 2007 Minn. Laws ch. 105, § 4, at 625–26. This appeal follows.

## ISSUE

Does the amendment to Minn.Stat. § 541.051 (2004), that was signed into law on May 21, 2007, apply retroactively to appellant's contribution and indemnity claims against respondent and operate to revive them?

## ANALYSIS

On appeal from summary judgment, this court asks whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). There are no genuine issues of material fact presented here. When the district court grants summary judgment based on an application of a statute to undisputed facts, the result is a legal conclusion, which is reviewed by this court de novo. *Lefto v. Hoggsbreath*

*Enters., Inc.,* 581 N.W.2d 855, 856 (Minn. 1998).

The unique aspect of this case is the change in the statute after the district court's determination that appellant's claims of contribution and indemnity were barred by the ten-year repose period in Minn.Stat. § 541.051 (2004). Because appellant contends that the statutory amendment has revived its claims, we examine the statutory language and whether or not it is retroactive in its application.

■■■ A law is presumptively not retroactive. *See* Minn.Stat. § 645.21 (2006). For a law to have a retroactive effect, the legislature must clearly manifest its intent to make the law retroactive. *Id.; Gomon v. Northland Family Physicians, Ltd.,* 645 N.W.2d 413, 416 (Minn.2002). Inclusion of the word "retroactive" is a clear manifestation by the legislature that a statute is intended to be applied retroactively. *Duluth Firemen's Relief Ass'n v. City of Duluth,* 361 N.W.2d 381, 385 (Minn.1985). Here, the term "retroactive" is used in the language of the 2007 amendment to Minn. Stat. § 541.051. 2007 Minn. Laws ch. 105, § 4, at 626. Therefore, we conclude that Minn.Stat. § 541.051 (Supp.2007) is properly applied retroactively to June 30, 2006, the specified effective date in the statute. *Id.; see also Gomon,* 645 N.W.2d at 416– 17 (applying a retroactive modification of a statute of limitations to the date specified in the amendment).

■■■ Having determined that the law overcomes the presumption against retroactivity, we next analyze whether retroactive application of the statute revives appellant's claims. "[T]here can be no doubt that the legislature has the power to amend a statute of limitations to revive a claim that was already barred under the prior limitations period." *Gomon,* 645 N.W.2d at 418. An amendment to the statute of limitations is not prohibited be-cause the "passage of time creates no vested right in the exemption from the remedy." *Peterson v. City of Minneapolis,* 285 Minn. 282, 288, 173 N.W.2d 353, 357 (1969) (quotation omitted). But the Fourteenth Amendment of the United States Constitution prohibits a legislature from enacting retroactive legislation that divests a private vested interest. *K.E. v. Hoffman,* 452 N.W.2d 509, 512 (Minn.App.1990), *review denied* (Minn. May 7, 1990).

■■■ "[A] right is not 'vested' unless it is something more than a mere expectation, based on an anticipated continuance of present laws. It must be some right or interest in property that has become fixed or established, and is not open to doubt or controversy." *Olsen v. Special Sch. Dist. No. 1,* 427 N.W.2d 707, 711 (Minn.App. 1988) (quotation omitted). Accordingly, the Minnesota Supreme Court has stated that there "is no vested right in an existing law nor in an action until *final* judgment has been entered therein." *Holen v. Minneapolis–St. Paul Metro. Airports Comm'n,* 250 Minn. 130, 136, 84 N.W.2d 282, 287 (1957); *see also McClelland v. McClelland,* 393 N.W.2d 224, 227 (Minn. App.1986), *review denied* (Minn. Nov. 17, 1986) (stating the same). The current case falls within these principles, as the district court's grant of summary judgment was not yet final because appellant's timely appeal of the decision was pending when the legislature amended the statute at issue. *See Janssen v. Best & Flanagan, LLP,* 704 N.W.2d 759, 765 (Minn.2005) (stating that a judgment or appealable order becomes final *if* a timely appeal is not filed); *Dailey v. Chermak,* 709 N.W.2d 626, 631 (Minn.App.2006), *review denied* (Minn. May 16, 2006) (same). Therefore, respondent has no vested right that implicates the Fourteenth Amendment.

There is a meaningful distinction between a statute of limitations and a statute of repose. *See, e.g., Camacho v. Todd & Leiser Homes,* 706 N.W.2d 49, 54–55 (Minn.2005) (discussing how a statute of limitations bars an action if a plaintiff does not file suit within a set period of time after a cause of action accrues while a statute of repose bars a suit a fixed number of years after the defendant has acted, regardless of the timing of a plaintiff's discovery of an injury). As a general rule, when a claim is barred by a statute of repose, subsequent repeal of that repose period cannot revive the claim. *See Larson v. Babcock & Wilcox,* 525 N.W.2d 589, 591 (Minn.App.1994) (citing *Firestone Tire & Rubber Co. v. Acosta,* 612 So.2d 1361, 1363–64 (Fla.1992), for the proposition that repeal of statute of repose alone cannot affect a defendant's interest in not being sued). But when an amendment is clearly intended to be retroactively applied, the legislature can revive a claim that was otherwise barred by a repose period. *See id.* (citing *Indep. Sch. Dist. No. 197 v. W.R. Grace & Co.,* 752 F.Supp. 286, 298 (D.Minn.1990)).

Subdivision 1(a) of the 2004 version of the statute combined the provisions of a statute of limitations and a statute of repose:

Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of the injury, shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property more than two years after discovery of the injury or, *in the case of an action for contribution or indemnity, accrual of the cause of action, nor, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction.*

Minn.Stat. § 541.051, subd. 1(a) (2004) (emphasis added). It is the ten-year repose period that the district court relied on in granting summary judgment to respondent. But the 2007 amendment removed the references to contribution and indemnity claims from subdivision 1(a) and created subdivision 1(b) to address such claims.

The amended statute provides:

(a) Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property or against the owner of the real property more than two years after discovery of the injury, nor in any event shall such a cause of action accrue more than ten years after substantial completion of the construction. Date of substantial completion shall be determined by the date when construction is sufficiently completed so that the owner or the owner's representative can occupy or use the improvement for the intended purpose.

(b) Notwithstanding paragraph (a), an action for contribution or indemnity arising out of the defective and unsafe condition of an improvement to real property *may be brought no later than two*

*years after the cause of action for contribution or indemnity has accrued, regardless of whether it accrued before or after the ten-year period referenced in paragraph (a).*

Minn.Stat. 541.051, subd. 1(a)-(b) (Supp. 2007) (emphasis added); *see also* 2007 Minn. Laws ch. 105, § 4, at 625–26.

Appellant filed its claims of contribution and indemnification on May 3, 2006. Because substantial completion of the home occurred in October 1994, the district court determined that appellant's contribution and indemnification claims were barred by the ten-year repose period in the 2004 version of Minn.Stat. 541.051. We agree that the district court properly applied the law that was in effect at the time of its decision. *Interstate Power Co. v. Nobles County Bd. of Commrs.*, 617 N.W.2d 566, 579 (Minn.2000) ("The general rule [is] that courts apply the law existing at the time of [the] decision....."). And as the district court noted in response to appellant's prediction of what the legislature was going to do, it was, at the time of the district court's decision, a "potential amendment which may never be enacted."

But Minn.Stat. 541.051 was subsequently amended in 2007 with a clearly retroactive intent. As previously noted, because the district court's grant of summary judgment preceded enactment of the amendment but the matter was still on appeal, the judgment was not "sufficiently fixed to accord [respondent] ... a constitutionally protected vested right." *K. E.*, 452 N.W.2d at 512. Thus, we are charged with applying the law in effect at the time of our decision. *Holen*, 250 Minn. at 136–37, 84 N.W.2d at 287 (stating that because "a court has no power to perpetuate a rule of law which the legislature has either changed or repealed, it follows that amendatory or curative legislation, though enacted after the rendition of a judgment

and pending the appeal, must govern the final disposition of the case upon appeal" (footnote omitted)).

We conclude that although appellant's claims were barred by the 2004 version of the statute, the language of the amended 2007 version of section 541.051 removes the ten-year repose barrier to appellant's timely assertion of the claims. As a result, we look to Minn.Stat. § 541.051, subd. 1(c) (Supp.2007), to determine whether appellant's claims for contribution and indemnity are barred by the two-year statute of limitations. Minn.Stat. § 541.051, subd. 1(c) (Supp.2007), provides:

For purposes of paragraph (a), a cause of action accrues upon discovery of the injury; provided, however, that in the case of an action for contribution or indemnity under paragraph (b), a cause of action accrues upon the earlier of commencement of the action against the party seeking contribution or indemnity, or payment of a final judgment, arbitration award, or settlement arising out of the defective and unsafe condition.

Here, appellant's contribution and indemnity claims accrued upon Maier commencing suit against it on May 4, 2004. Because appellant's claims against respondent were initiated on May 3, 2006, within the two-year statute of limitations, they are timely.

Appellant also challenges the constitutionality of Minn.Stat. § 541.051 (2004) and the district court's determination that subdivision 1 of Minn.Stat. § 541.051 (2004) is applicable to their claims. Because we conclude that Minn.Stat. § 541.051 (Supp. 2007) is retroactive, we do not reach those additional arguments.

## DECISION

Because the language of Minn.Stat. § 541.051 (Supp.2007) manifests a clear

legislative intent for retroactive application, appellant's claims are properly analyzed under that statute. The district court's grant of summary judgment was not a final judgment. As a result, respondent lacks a vested right in the grant of summary judgment, and appellant's claims for contribution and indemnity are revived by operation of Minn.Stat. § 541.051 (Supp.2007).

**Reversed and remanded.**